### THE STATE *vs.* SAMUEL D. BURRIS, n.

Change of venue.

Kent sessions, 1847. Indicted for enticing and aiding slaves to run away.

*Wales* and *Bates*, for the prisoner, moved the entry of a suggestion on the record in order to change the venue to New Castle county, and obtained a rule to show cause founded on an affidavit of the defendant, that he *believed* he could not have an impartial trial on account of prejudice and public excitement in Kent, and the fact that sundry jurors were slaveholders, or relations of slaveholders; that several persons who came to Dover to be bail for the defendant were assailed and maltreated on the public highway; and several persons were actively employed in endeavoring to procure his conviction, and had contributed funds for that purpose; and swearing to a good defence on the merits as the defendant was advised and believed.

This affidavit was also confirmed by another from Ezekiel Cowgill, stating in general terms the existence of prejudice and *his* belief that an impartial trial could not be had in Kent.

The defendant's counsel argued, that his affidavit was the proper ground for this application, as the nature of the question would not properly admit of its investigation on testimony prior to the trial. They said the right to a change of venue was recognized by the constitution, and should be accorded whenever there was reasonable ground to believe it was necessary to procure a fair trial, and the defendant's affidavit afforded such ground. They offered, however, to submit to any form of investigation into the truth of the grounds alledged in the affidavit which the court might approve of. (3 *B. & Ald.* 448; 5 *Com. Law Rep.* 342.)

*Smithers* and *Bradford*, for the State, replied, denying that it was a matter of right to demand a change of venue, but *ex gratia* when the court is convinced that an impartial trial cannot be had; and that this was matter of proof. They cited 1 *Harr. Dig.* 2170; 2 *Nev. & Man.* 167; 1 *Ibid* 312; *Ros. Ev.* 188; 4 *Barn. & Ald.* 573. The affidavit must state facts and not belief. (3 *Burr. Rep.* 1330; 2 *Wend.* 250; 7 *Cow. Rep.* 137; 7 *Hill's Rep.* 147.)

*By the Court:*

BOOTH, *Chief Justice.*—The right to an impartial trial is undoubtedly a constitutional right, but it is also a common law right, and was at common law as fully recognized as it can be under the constitutional provision. It is in the same words with magna charta in 1215, which was itself but a recognition of the common law. It was inserted in the constitution as an express recognition to prohibit any legislative violation of the right; but it would have existed, and have been recognized by any common law court, if it had not been inserted in the constitution. The constitution and common law therefore, equally require, that trials shall be impartial; but the necessity of changing the venue in any case, in order to secure an impartial trial, is not to depend on the suggestion or even the belief of the defendant, but upon facts shown to the court, or admitted, sufficient to satisfy the court that the change is necessary to procure an impartial trial.

The matters stated in these affidavits are matters of opinion and belief, except as to three allegations, viz:—that certain of the jurors are slaveholders. or relatives of slaveholders; that persons who came to Dover to be bail for defendant, were assailed and assaulted, and that money had been contributed for the purpose of procuring the defendant's conviction. As to the first of these, it would, if proved, be no cause of changing the venue, but there is no proof of it; nor of the fact of maltreatment of the defendant's bail in Dover, which

if it had happened, would not show that an impartial jury could not be had from the body of Kent county. As to the allegation that persons are engaged and have used money to procure the defendant's conviction, if it means merely that counsel have been employed to assist the prosecution, there is nothing objectionable in that; if it intimates a corrupt use of money, the instances should be specified, and some proof at least of it, offered.

The cases cited do not support the position implied by the defendant's application, that the right to a change of venue rests upon his own affidavit alone. Like any other affidavit, the facts stated in it are traversable, and it must be sustained: the opinions or belief are of even less importance.

The case therefore resting on the unsupported affidavit of the defendant, except by the affidavit of one very respectable citizen, who affirms to the same general belief, the court are compelled to refuse the application, and discharge the rule. If we should sustain the application on such ground, there is scarcely any case of high crime in which we should not be compelled to change the venue; for in all such cases there is more or less of public excitement, from which the defendant or accused may apprehend his case will be prejudiced; but which we are far from admitting in the full extent, as establishing that an impartial trial cannot be had in this county. Much indignation and excitement may exist in relation to the crime, without being unduly directed to the accused; and we have every confidence that whatever may be the sense of this community in relation to the offence of aiding the escape of slaves, the sense of justice in the people generally, and particularly in the jury present, is much stronger, and will insure a perfectly fair and impartial trial of any one accused of this offence, however humble he may be.

Rule discharged.

The defendant was afterwards acquitted on this indictment, and convicted on two others, for a similar offence.